UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN T. QUINN,

    Plaintiff,

v.                                                        Case No: 2:18-cv-25-FtM-DNF

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, John T. Quinn, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.    Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB, and an application for SSI on April 16, 2015. (Tr. 186-97). In both applications, Plaintiff alleged a disability onset date of December 30, 2014. (Tr. 186, 188). His claim was denied at the initial level on May 11, 2015. (Tr. 135-40). His claim was denied at the reconsideration level on July 6, 2015. (Tr. 143-52). Plaintiff filed a request for hearing and an administrative hearing was held by Administrative Law Judge Donald G. Smith ("the ALJ") on November 15, 2016. (Tr. 40-68). On January 12, 2017, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 114-30). Plaintiff filed a timely request for review with the Appeals Council on February 14, 2017. (Tr. 184-85). The Appeals Council denied the request for review on November 16, 2017, making the January 12, 2017 ALJ decision the final decision of the Commissioner. (Tr. 1-6). Plaintiff initiated this action by Complaint (Doc. 1) on January 12, 2018.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 20, 2014, the alleged onset date. (Tr. 121). At step two, the ALJ found that Plaintiff had a single severe impairment: degenerative disc disease. (Tr. 121). At step three, the ALJ found that through the date last insured, Plaintiff did not have an

impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 122).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift 20 pounds occasionally and 10 pounds frequently. He can stand or walk up to six hours per day and sit up to six hours per day in an 8-hour workday. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl. He must avoid exposure to vibration, hazardous machinery, and heights.

(Tr. 122). At step four, relying on the testimony of a vocational expert, the ALJ found that Plaintiff is capable of performing his past relevant work as an automobile salesperson and restaurant manager because such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 125). The ALJ concluded that Plaintiff was not under a disability from December 20, 2014, the alleged onset date, through January 12, 2017, the date of the decision. (Tr. 126).

**II. Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to properly assess Plaintiff's RFC; (2) whether the ALJ erred by improperly considering Plaintiff's credibility; and (3) whether the ALJ erred by failing to properly evaluate the statement of Plaintiff's wife. The Court will address each issue in turn.

**a) Whether the ALJ erred by failing to properly assess Plaintiff's RFC.**

Plaintiff argues that the ALJ erred by giving great weight to the opinion of non-examining state agency medical consultant Edmund Molis, M.D. because medical evidence submitted after Dr. Molis' opinion was rendered establishes a worsening of Plaintiff's condition. (Doc. 20 p. 11).

Plaintiff notes that the evidence Dr. Molis did not review shows that Plaintiff reported paresthesia of the arms and increasing numbness and reduced strength in his left leg. (Doc. 20 p. 12). Plaintiff contends that because his condition substantially and materially changed after Dr. Molis offered his opinion, his opinion is not supported by substantial evidence and the ALJ should not have accorded it great weight. (Doc. 20 p. 12). In response, Defendant argues that the ALJ properly weighed Dr. Molis' opinion because the opinion was consistent with treatment records received after he offered his opinion and the remaining evidence as a whole. (Doc. 20 p. 14).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In his decision, after summarizing the medical record, the ALJ weighed the opinion of Dr. Molis and explained his reasoning as follows:

> As for the opinion evidence, the undersigned assigns great weight to the July 2015 assessment of State agency medical consultant, Edmund Molis, MD (Exhibit 8A). Dr. Molis assessed that the claimant could lift 20 pounds occasionally and 10 pounds frequently, and stand or walk and sit for a total of six hours in an eight-hour day. Dr. Molis further assessed that the claimant could occasionally climb ladders, ropes and scaffolds;

occasionally climb ramp and stairs; and occasionally stoop, kneel, crouch, and crawl; and he had to avoid concentrated exposure to vibration, hazardous machinery, and heights (Exhibit 8A, 7-8). This assessment is consistent with the overall evidence of record including the medical records, imaging evidence, treatment history, and evidence of the claimant's activities of daily living.

(Tr. 123).

In this case, Plaintiff has failed to show that the ALJ erred by according great weight to Dr. Molis' opinion. State agency consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. §§ 404.1527(e)(2)(i). While Dr. Molis offered his opinion prior to evidence showing Plaintiff began complaining about left leg numbness and arm paresthesia, Dr. Molis' opinion was consistent with the treatment records received even after he rendered his opinion, and the other evidence as a whole, including the objective imaging from November 2015 and the evidence of Plaintiff's activities of daily living, the ALJ properly gave Dr. Molis' opinion great weight. (Tr. 127).

Dr. Molis reviewed the available evidence in July 2015 and concluded that Plaintiff could perform a wide range of light work. (Tr. 98-107). Although Dr. Molis did not review all the evidence, specifically, the evidence Plaintiff provided after Dr. Molis issued his opinion, the ALJ reviewed all the evidence, and Dr. Molis' opinion is supported by the objective medical evidence and consistent with the record as a whole, including the evidence submitted after he issued his opinion. (Tr. 127).

Beginning on June 25, 2015, providers at The Living Young Institute noted that Plaintiff had a "slow gait" and was "walking with flexion"; Plaintiff began reporting increased left leg numbness and occasional paresthesia of the arms in September 2015, and beginning in October 2015, Plaintiff had slightly reduced motor strength in the left leg, to 4/5. (Tr. 380, 382, 391-392).

However, the remainder of Plaintiff's neurological exams were always normal, with intact sensations and reflexes; extremities exams were always normal; Plaintiff always denied sensory or motor deficits and problems with his medications; he continued to maintain his daily home therapy plan of swimming, walking, and stretching; he consistently reported that his pain was decreased to 3 to 5 out of 10 with medications and that he was satisfied with his opioid therapy for pain control; and he consistently reported that he was satisfied with the effectiveness of Zanaflex in controlling his left leg numbness. (Tr. 342-393). There were never any objective findings supporting Plaintiff's complaints of occasional arm paresthesia, and six months after he began reporting that symptom, he stopped. (Tr. 357, 382). Additionally, according to the most recent treatment note contained in the record, from September 2016, Plaintiff had returned to work a few days a week, owned a cleaning business, and again reported that he was satisfied with his pain control and that Zanaflex was effective at controlling his left leg numbness. (Tr. 342).

The ALJ considered all of this evidence that post-dated Dr. Molis' opinion, and concluded based on the evidence of Plaintiff's degenerative disc disease with radicular symptoms of his left leg, that Plaintiff's RFC was reduced to light work with additional limitations. (Tr. 125). Specifically, due chronic lower back pain with symptoms of left leg numbness, he could lift 20 pounds occasionally and 10 pounds frequently; stand or walk up to six hours per day and sit up to six hours per day in an 8-hour workday; could never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl; and had to avoid vibration, hazardous machinery, and heights. (Tr. 124). The other evidence of record also supported this RFC, including Plaintiff's testimony that he drove and was able to take short trips including picking up his children up from school every day and driving to a grocery store; that he went to church and took care of two small dogs, and he swam twice a week (Tr. 125).

Additionally, the ALJ noted that Plaintiff had repeatedly admitted the effectiveness of his medications in controlling his symptoms. (Tr. 125). Based on the foregoing, the ALJ properly assessed the evidence in determining Plaintiff's RFC, and substantial evidence supports the RFC and the weight that the ALJ gave to Dr. Molis' opinion.

Plaintiff failed to show that he had additional limitations beyond those Dr. Molis' opined and the ALJ assessed. Substantial evidence supports the ALJ's decision to accord great weight to Dr. Molis' opinion. Accordingly, the Court affirms the ALJ's treatment of Dr. Molis' opinion.

**b) Whether the ALJ erred by improperly considering Plaintiff's credibility.**

Plaintiff argues that despite compelling evidence supporting Plaintiff's subjective complaints of pain, the ALJ discredited Plaintiff's complaints on the basis that Plaintiff performed mundane and routine activities of daily living such as taking little trips to pick up his children from school, shop in small grocery stores, go to church once per week, take care of two small dogs, and occasionally swim for pain relief. (Doc. 20 p. 20). Plaintiff contends that the ALJ overlooked facts such as Plaintiff routinely reported his pain was aggravated by work activities, lifting, bending, and taking care children, and standing too long. (Doc. 20 p. 20). In response, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his alleged symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Doc. 20 p. 22-24).

The Eleventh Circuit three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote*

*v. Charter*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination may be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activates, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. *See* 20 C.F.R. § 404.1529.

In this case, the Court finds no error in the ALJ's consideration of Plaintiff's subjective complaints. The ALJ found that Plaintiff's subjective complaints his ability to work only to the extent they could reasonably be accepted as consistent with the objective medical and other evidence. (Tr. 123). Plaintiff was diagnosed with a disorder of the lumbar spine, but diagnoses do not establish work-related limitations. The objective medical findings, including the diagnostic studies and the clinical examinations by Dr. Porcelli and Dr. Amato were unremarkable except for slow gait and slightly decreased motor strength in the left leg, and support the ALJ's determination that Plaintiff's subjective complaints were not consistent with the evidence. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p.

Further, the ALJ did not reject Plaintiff's subjective complaints based solely on his daily activities, but considered them as one factor in his analyzing Plaintiff's credibility. Although not dispositive, a claimant's activities may show that his symptoms are not as limiting as he alleged. The record indicates that Plaintiff drove, took care of his pets and his young children, attended

church, participated in a daily home therapy program that including walking, stretching, and swimming multiple times a week, and had even returned to work a few days a week and owned a business. Plaintiff's activities are not indicative of the disabling limitations he alleged.

Further, Plaintiff's routine and conservative treatment consisting of medications, which he repeatedly and consistently indicated he was satisfied with, also undermines his allegations and supports the ALJ's evaluation of Plaintiff's subjective statements. While Plaintiff alleged that a third back surgery had been recommended, he decided not to undergo further surgery; he testified that it was because he did not want to undergo the recovery, but as his treatment notes consistently documented that he was satisfied with his opioid pain medications, which controlled his pain, the testimony about his reasons for not undergoing back surgery are inconsistent with the record. Moreover, the fact that no doctor opined that Plaintiff had physical limitations, particularly related to his back impairment, supports the ALJ's evaluation of Plaintiff's subjective statements. Finally, the opinion of Dr. Molis, the state agency medical consultant, provides additional support for the ALJ's determination that Plaintiff's subjective statements were not consistent with the evidence.

Given the record as a whole, substantial evidence supports the ALJ's determination that Plaintiff's subjective statements were not entirely consistent with the evidence of record, the Court rejects Plaintiff's argument that the ALJ unduly relied on mundane activities of daily living and affirms the ALJ's decision.

### c) Whether the ALJ erred by failing to properly evaluate the statement of Plaintiff's wife.

Plaintiff argues that the reasons the ALJ provided for rejecting the Third-Party Pain Questionnaire completed by Plaintiff's wife were unfair and not supported by substantial evidence. (Doc. 20 p. 26). Defendant argues that the ALJ gave the statement little weight for the same

reasons he found Plaintiff's complaints statements about his limitations not fully consistent with the evidence of record. (Doc. 20 p. 27).

In contrast to medical opinions from treating physicians, the ALJ does not owe any deference to lay opinions or need good cause to reject them. *See* 20 C.F.R. §§ 404.1527(a)(2), (c)(2), 416.927(a)(2), (c)(2); *McMahon v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 886, 891-92 (11th Cir. 2014). Courts have even held that the ALJ does not need to assign them weight or explain the weight given to them. *See McMahon*, 583 F. App'x at 892 (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (stating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision") and *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (noting that the ALJ should sufficiently explain the weight given to "obviously probative" evidence)). The Eleventh Circuit has also found that where the ALJ fails to make an explicit credibility determination as to a family member's testimony or statements, there is no error if the credibility determination was implicit in the rejection of the claimant's testimony. *See Osborn v. Barnhart*, 194 F. App'x 654, 666 (11th Cir. 2006).

In this case, the ALJ directly addressed Plaintiff's wife's lay opinion and explained the weight he accorded it as follows:

> Lastly, the undersigned reviewed and considered the third party submission of the claimant's wife, Jona Quinn (Exhibit 7E). Some of Ms. Quinn reports of the claimant's limitations in performing daily living activities appear to be an overstatement of the claimant's limitations, rendering it less persuasive. For example, Ms. Quinn reported that the claimant cannot reach, bend, or lift, and the claimant does not leave the house much at all anymore (Exhibit 7E, 2), which is inconsistent with the overall evidence of record including the claimant's own testimony of his daily living activities and the objective findings on examination discussed above. Therefore, the undersigned assigns little weight to this report.

(Tr. 125).

The Court finds no error in the ALJ's analysis of Plaintiff's wife's opinion. The ALJ summarized the testimony of Plaintiff's wife and determined it was entitled to little weight because her statements, like Plaintiff's, were not consistent with the overall evidence of record. (Tr. 125). The ALJ did not discount her testimony by unfairly contrasting it with Plaintiff's testimony, but gave examples of Plaintiff's wife's overstatement. As Defendant notes, the ALJ gave the statement little weight for the same reason he found Plaintiff's statements about his limitations not fully consistent with the evidence of record. (Tr. 125). As Plaintiff's wife's opinion, like Plaintiff's subjective complaints of disabling pain and other symptoms, was contrary to the overall evidence, substantial evidence supported the ALJ's decision to give this statement little weight.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties